UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAROD D. DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-66-TAV-CCS |
| | ) | |
| KNOX COUNTY, TENNESSEE, | ) | |
| KNOX COUNTY SHERIFF'S DEPARTMENT, | ) | |
| ROBERT FRANK PHILLIPS, | ) | |
| an individual and former employee of the | ) | |
| Knox County Sheriff's Department, | ) | |
| RONALD CHAPERON, JR., | ) | |
| an individual and employee of the | ) | |
| Knox County Sheriff's Department, | ) | |
| BRANDON GILLIAM, | ) | |
| an individual and employee of the | ) | |
| Knox County Sheriff's Department, | ) | |
| JOHN DOES, individuals and employees of the | ) | |
| Knox County Sheriff's Department, and | ) | |
| JANE DOES, individuals and employees of the | ) | |
| Knox County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on several motions: (1) the Motion to Dismiss of Knox County and All Defendants in their Official Capacity [Doc. 13]; (2) the Motion to Dismiss of Defendant Knox County Sheriff's Office [Doc. 14]; (3) Plaintiff's Motion to Amend the Complaint [Doc. 16]; (4) Knox County's Motion to Dismiss Plaintiff's Amended Complaint; and (5) the Motion of Defendants Chaperon and Gilliam in their Individual Capacity for More Definite Statement [Doc. 20]. Responses were filed [Docs.

17, 18, 21, 23], and the motions are now ripe for the Court's consideration. For the reasons set forth herein, the Court will deny as moot the Motion to Dismiss of Knox County and All Defendants in their Official Capacity [Doc. 13]; deny as moot the Motion to Dismiss of Defendant Knox County Sheriff's Office [Doc. 14]; grant in part and deny in part Plaintiff's Motion to Amend the Complaint [Doc. 16]; deny in part and grant in part Knox County's Motion to Dismiss Plaintiff's Amended Complaint; and deny the Motion of Defendants Chaperon and Gilliam in their Individual Capacity for More Definite Statement [Doc. 20].

## I.    Background[1]

On or about April 26, 2014, defendants Robert Frank Phillips, Ronald Chaperon, Jr., and Brandon Gilliam, as well as others, responded to a call about a party near Laurel Avenue and 23rd Street in Knox County, Tennessee [Doc. 1 ¶ 11; Doc. 16-1 ¶ 10]. According to plaintiff, the call did not involve him or his residence [*Id.*]. The deputies, however, approached plaintiff's residence "without cause" [Doc. 1 ¶ 12; Doc. 16-1 ¶ 11].

When they approached plaintiff's residence, the deputies "walked directly onto [plaintiff's] largely-enclosed front porch, again without cause and without warrant" [Doc. 1 ¶ 13; Doc. 16-1 ¶ 12]. Plaintiff inquired whether the deputies had a warrant to enter his

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint" (citations omitted)). The facts here are taken from the original complaint and the proposed amended complaint, and if there are any inconsistencies, the facts are taken from the proposed amended complaint [Docs. 1, 16-1].

2

residence, and according to plaintiff, Phillips shouted, "Yeah, I have it right f[] here," and proceeded to violently strike plaintiff [*Id.*]. The deputies then threw plaintiff onto the ground and struck him, despite that plaintiff was compliant with their commands [Doc. 1 ¶ 14; Doc. 16-1 ¶ 13]. While plaintiff was restrained on the porch, Phillips began violently choking and striking plaintiff while other deputies continued to restrain plaintiff [Doc. 1 ¶ 15; Doc. 16-1 ¶ 14]. Plaintiff sustained injuries as a result of the deputies' actions and he temporarily lost consciousness [Doc. 1 ¶¶ 14–16; Doc. 16-1 ¶¶ 13–15].

The deputies then handcuffed plaintiff and forcibly led him away from his home to the police transport vehicle, which was about a block from plaintiff's home, and plaintiff asserts they did so without probable cause or an arrest warrant [Doc. 1 ¶¶ 17–18; Doc. 16-1 ¶¶ 16–17]. When they reached the police transport vehicle, the deputies changed plaintiff's handcuffs [Doc. 1 ¶ 18; Doc. 16-1 ¶ 17]. Plaintiff's arms were cuffed behind his back, and as he was restrained by Gilliam and Chaperon, Phillips began to "aggressively and violently choke [plaintiff] in a manner that caused him to slump to the ground and again temporarily lose consciousness" [Doc. 1 ¶ 19; Doc. 16-1 ¶ 18]. The deputies then "jerked" plaintiff onto his feet [Doc. 1 ¶ 21; Doc. 16-1 ¶ 20]. Plaintiff asserts he was compliant with all requests and did not resist arrest, as evidenced by deputies removing the initial pair of handcuffs [Doc. 1 ¶ 20; Doc. 16-1 ¶ 19].

Plaintiff was taken to the Knox County Detention Center, where he alleges he was held unlawfully for approximately twelve hours before being able to post bond [Doc. 1 ¶ 23; Doc. 16-1 ¶ 22]. He was charged with public intoxication and resisting arrest under

Tennessee law [Doc. 1 ¶ 24; Doc. 16-1 ¶ 23]. On June 18, 2014, the charges were dismissed without terms [Doc. 1 ¶ 25; Doc. 16-1 ¶ 24]. Plaintiff asserts that he sustained significant injuries, some permanent, along with medical expenses as a result of the "unjustified, illegal, and unconstitutional use of excessive force and the unlawful arrest" [Doc. 1 ¶ 27; Doc. 16-1 ¶ 26].

According to plaintiff, Phillips, Chaperon, and Gilliam were suspended from the Sheriff's Department as a result of their encounter with plaintiff, but later, Chaperon and Gilliam were returned to regular duty [Doc. 1 ¶¶ 28–29; Doc. 16-1 ¶¶ 27–28]. Sheriff Jimmy "J.J." Jones issued a statement that Chaperon and Gilliam were neither "responsible nor complicit" in the incident [Doc. 16-1 ¶ 28]. After an internal affairs investigation, which resulted in a finding that excessive force was used with plaintiff, Phillips was terminated [Doc. 1 ¶ 30; Doc. 16-1 ¶ 29]. But Knox County and the Sheriff's Department then allowed Phillips to take an early retirement, "thereby permitting financial gain for Defendant Deputy Phillips" [*Id.*].

According to plaintiff, Phillips had been the subject of "violent, threating, and erratic behavior, including the use of excessive force and the display of poor and unsafe judgment, and these instances of abuse were known to Defendants Knox County and Knox County Sheriff's Department" [Doc. 1 ¶ 31; Doc. 16-1 ¶ 30]. As an example, plaintiff asserts that Phillips was demoted from Patrol Sergeant to Patrol Officer because Phillips had displayed "inexcusable and unprofessional" conduct that violated department policies and procedures and constituted "'failure to meet performance requirements;'

4

'incompetence, inefficient and negligence in the performance of duty;' and 'insubordination'" [Doc. 1 ¶ 32; Doc. 16-1 ¶ 31]. As another example, plaintiff asserts that in December 2012, Phillips held two innocent victims at gunpoint in Grainger County, Tennessee, illegally using his title and color of authority, and that Knox County Sheriff's Department was placed on notice of this conduct [Doc. 1 ¶ 34; Doc. 16-1 ¶ 33]. In addition, plaintiff avers that Phillips's performance evaluations demonstrated "an 'attitude that does not promote the goals and mission of the Knox County Sheriffs [sic] Office;' that 'Officer Phillips makes inappropriate comments to his peers that is not productive to the mission of the Knox County Sheriff Office;' and that 'Officer Phillips does not seem to be self motivated, nor functions well as a team member" [Doc. 1 ¶ 33; Doc. 16-1 ¶ 32]. Plaintiff complains that, despite this, Knox County Sheriff's Department promoted Phillips and allowed him to interact with members of the public [Doc. 1 ¶¶ 31, 35; Doc. 16-1 ¶¶ 30, 34].

Finally, plaintiff complains that, after the events of April 26, 2014, plaintiff was forced to leave his home and relocate because officers would arrive at his door, would block his usual routes of traffic, and would otherwise intimidate plaintiff, retaliate against plaintiff, cause fear in plaintiff, and deprive plaintiff of his constitutional rights [Doc. 1 ¶ 39; Doc. 16-1 ¶ 38].

Plaintiff brought his suit, alleging (1) use of unlawful and excessive force under 42 U.S.C. §§ 1983, 1988; (2) false arrest under 42 U.S.C. §§ 1983, 1988; (3) false arrest under Tenn. Code Ann. § 8-8-301; (4) false imprisonment under 42 U.S.C. §§ 1983,

5

1988; (5) false imprisonment under Tenn. Code Ann. § 8-8-301; (6) malicious prosecution under 42 U.S.C. §§ 1983, 1988; (7) assault and battery in violation of the Governmental Tort Liability Act, a provision of Tennessee law; and (8) outrageous conduct/intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress [Doc. 1 ¶¶ 40–77]. He seeks compensatory damages for his injuries in the amount of $1.1 million as well as punitive damages in the amount of $1.1 million, costs, fees, and interest.

## II.     Standard of Review

Pursuant to Rule 15(a)(1)(B) and Rule 15(a)(2), plaintiff moves to amend the complaint. Plaintiff asserts that Rule 15(a)(1)(B) permits a party to amend a pleading as a matter of course within twenty-one days after service of a responsive pleading [Doc. 16 p. 2]. Plaintiff recognizes that it sought to amend the complaint more than twenty-one days after Phillips filed an answer in his individual capacity on March 25, 2015 [*Id.*]. But plaintiff asserts leave is not needed because plaintiff filed the amendment within twenty-one days of the motion to dismiss to which the amendments relate [*Id.*]. Even so, plaintiff does seek, "in an abundance of caution," leave to amend the complaint [*Id.*].

Rule 15(a)(1)(B) provides that a plaintiff may amend the complaint "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The earlier here was the answer of Phillips in his individual capacity, which was filed over one month

6

before the motion to amend. Thus, plaintiff did miss the deadline for amending once as a matter of course, and leave to amend is necessary.

### A. Motion to Amend

Aside from the situations described in Rule 15(a)(1), which do not apply here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it

rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

### C. Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement" when a pleading to which a response is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Courts disfavor motions for more definite statements given the liberal pleading standards of Rule

8 and the opportunity for pretrial discovery. *Sallee v. Bd. of Prof. Responsibility of Supreme Court*, No. 3:15-CV-5, 2015 WL 2374230, at *13 (E.D. Tenn. May 18, 2015) (citations omitted); *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 989 (N.D. Ohio 1984). "[I]f the complaint meets the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the motion should be denied." *Expert Janitorial, LLC v. Williams*, No. 3:09-CV-283, 2010 WL 908740, at *3 (E.D. Tenn. Mar. 12, 2010) (citation omitted). "[A] motion for more definite statement '[should be] designed to strike at unintelligibility rather than simple want of detail . . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Jakovich v. Hill, Stonestreet & Co.*, No. 1:05 CV 2126, 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005) (omission and second alteration in original) (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

**III. Analysis**

In response to the initial complaint, Knox County, Tennessee, and all defendants in their official capacity moved to dismiss plaintiff's claims against them [Doc. 13]. The Knox County Sheriff's Office also moved to dismiss the complaint [Doc. 14].[2] Plaintiff then moved to amend the complaint to address some of the arguments raised in the motions to dismiss [Doc. 16]. Because granting a motion to dismiss before addressing a

---

[2] Phillips filed an answer in his individual capacity [Doc. 10], but no other defendant in his individual capacity filed a response to the original complaint.

9

Case 3:15-cv-00066-TAV-CCS   Document 28   Filed 12/08/15   Page 9 of 18   PageID #: 212

pending motion to amend can be an abuse of discretion, *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991), the Court turns to that motion first.

### A. Motion to Amend

Plaintiff seeks to amend the complaint to allege his claims for assault and battery and for outrageous conduct/intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress, under Tenn. Code Ann. § 8-8-301 instead of the Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 [Doc. 16 ¶ 4]. Plaintiff further moves to amend the complaint to remove the Knox County Sheriff's Department as a separate defendant [*Id.* ¶ 5]. And he seeks to remove the individual defendants in their official capacities [*Id.*].

Knox County filed a motion to dismiss the amended complaint [Doc. 19]. Because plaintiff did not have leave to amend the complaint, the Court construes Knox County's motion [Doc. 19] as a response in opposition to the motion to amend on the grounds of futility. Yet, it is a distinction without a difference because the same standard of review applies.

#### 1. Knox County Sheriff's Department

Plaintiff's request to amend the complaint to omit Knox County Sheriff's Department as a defendant is well taken. The Knox County Sheriff's Office is not a legal entity. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that police departments are not legal entities that may be sued). Accordingly, the Court will allow

10

an amendment in this regard and deny Knox County Sheriff's Department's motion to dismiss [Doc. 14] as moot.

### 2. Individual Defendants in their Official Capacities

Plaintiff's proposed amended complaint removes the deputy defendants in their official capacities as defendants. Knox County asserts that the proposed amended complaint still names the John and Jane Does in their official capacities, and that these defendants in their official capacities should be dismissed [Doc. 19 p. 20]. Plaintiff has no objection to the dismissal of the causes of action pled against the John and Jane Does in their official capacities [Doc. 23 p. 13]. Accordingly, the Court will deny the motion for leave to amend the complaint to include the John and Jane Does as defendants in their official capacities.

### 3. State-Law Claims

Plaintiff seeks leave to amend the complaint to allege the claims for assault and battery and for outrageous conduct/intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress, under Tenn. Code Ann. § 8-8-301 instead of the Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101. Knox County asserts that paragraph sixty-one of the proposed amended complaint still includes a claim under the Governmental Tort Liability Act against Knox County. Plaintiff responds by noting that the reference to the Governmental Tort Liability Act is in Count Five, false imprisonment, and is included as an alternative basis for relief. In support of the alternative claim, plaintiff notes that Tenn. Code Ann. § 29-20-205(2) provides that

11

immunity from suit is removed except for false imprisonment pursuant to a mittimus from a court. Given that Rule 8(d) contemplates alternative claims, the Court will allow the amendment.

### 4. Municipal Liability

In the proposed amended complaint, plaintiff asserts that Knox County promulgated a custom or policy, or failed to enforce such custom or policy, that encouraged the use of unlawful and excessive force, false arrest, false imprisonment, and malicious prosecution [Doc. 16-1 ¶¶ 43, 47, 56, 67]. Knox County argues that the proposed amended complaint is conclusory and does not "come close to making out a 'plausible' claim that Knox County has customs, policies or practices that encourage the use of excessive force, false arrest, false imprisonment or malicious prosecution" [Doc. 19 p. 5].

A municipality may not be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Accordingly, to succeed on a municipal liability claim under § 1983, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

Case 3:15-cv-00066-TAV-CCS  Document 28  Filed 12/08/15  Page 12 of 18  PageID #: 215

The policy or custom of the municipality must evince a deliberate indifference to the rights of persons with whom police officers come into contact. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410–11 (1997) (applying the deliberate indifference standard to employment decision claims); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (applying the deliberate indifference standard to failure to train claims). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410. "[A] plaintiff ordinarily cannot show that a municipality acted with deliberate indifference without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citations omitted).

In other terms, a plaintiff asserting a § 1983 claim on the basis of a custom or policy must identify the policy, connect the policy to the municipality, and demonstrate that the injury was incurred because of the execution of the policy. *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). "There must 'a direct causal link' between the policy and the alleged constitutional violation such that the [county's] 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id.* (citation omitted).

Knox County breaks down plaintiff's municipal liability complaint into three theories: (1) failure to train; (2) post-injury failure to investigate; and (3) negligent hiring and retention of Phillips.

13

Regarding failure to train, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014) (quoting *City of Canton*, 489 U.S. at 388). "Proving deliberate indifference for failure to train 'typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures.'" *Id.* (quoting *Miller*, 408 F.3d at 815). In order to state a claim for failure to train, plaintiff must show that: (1) "[Knox County's] training program was inadequate for the task that officers must perform;" (2) "the inadequacy was the result of [Knox County's] deliberate indifference;" and (3) "the inadequacy was closely related to or actually caused the injury." *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)). In order to demonstrate deliberate indifference in this context, a plaintiff must show "prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (citations omitted). The fact "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [county], for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton*, 489 U.S. at 390–91 (citations omitted).

14

Failure to investigate "can be evidence of a municipal policy of deliberate indifference." *McGuire v. Warner*, No. 05-40185, 2009 WL 1210975, at *6 (E.D. Mich. Apr. 28, 2009) (citation omitted). "However, a municipality's failure to investigate claims of wrongful conduct does not *per se* mandate a conclusion that the municipality has a policy of tolerating violations of citizens' rights." *Morrison v. Bd. of Trs. of Green Twp.*, 529 F. Supp. 2d 807, 825 (S.D. Ohio 2007). Instead, "post-injury failure to investigate [is] a fact which may permit an inference that the misconduct which injured the plaintiff was pursuant to an official policy or custom." *Tompkins v. Frost*, 655 F. Supp. 468, 472 (E.D. Mich. 1987).

Regarding negligent hiring and retention of Phillips, a municipality may be held liable under § 1983 for employment decisions made by its policymakers. *See Brown*, 520 U.S. at 405 (explaining that where a municipal liability claim is based on "a single facially lawful hiring decision," the claim must be subject to "rigorous standards of culpability and causation"). Here, plaintiff must allege that knowledge of Phillips's history would "lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision[s regarding Phillips] would be the deprivation of a third party's federally protected right." *Id.* at 411. In doing so, plaintiff must show that Knox County was deliberately indifferent to the risk that "*this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Id.* at 412.

In light of these standards, and taking the allegations as true, the Court finds plaintiff's proposed amended complaint includes allegations to support the inference that

15

Knox County was deliberately indifferent to the constitutional rights of persons with whom the deputies would come into contact and that the deputies were acting in a manner consistent with their training and/or the custom of Knox County when they interacted with plaintiff. Plaintiff's allegations that the Sheriff's Department condoned the deputies' actions concerning plaintiff by reinstating Chaperon and Gilliam and allowing Phillips to retire early would allow an inference that plaintiff's injury was the result of the execution of an official policy or custom of Knox County to violate citizens' rights. Further, plaintiff has made allegations regarding previous unconstitutional conduct by Phillips, specifically excessive force, of which Knox County was aware and ignored. Accordingly, the Court will allow the amended complaint to include a § 1983 claim against Knox County.

### 5. Punitive Damages

Knox County argues that punitive damages are not available for claims under Tenn. Code Ann. § 8-8-302 for the same reasons that punitive damages are not permitted for claims under § 1983 and the Tennessee Governmental Tort Liability Act [Doc. 19 pp. 20–21]. Yet, Knox County cites no authority for the contention that punitive damages are precluded for claims under Tenn. Code Ann. § 8-8-302.

The Tennessee Supreme Court has determined that an award of punitive damages is warranted upon proof that the defendant acted "(1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). Plaintiff's proposed amended complaint alleges that defendants' conduct was

16

intentional and malicious. Accordingly, the Court will allow the amended complaint to include a claim for punitive damages.

B. Motion for More Definite Statement

Defendants Chaperon and Gilliam, in their individual capacities, move the Court to require a more definite statement of the claims asserted against them in the first amended complaint [Doc. 20]. They assert that plaintiff does not make any individualized allegations against them. Instead, they state plaintiff makes generalized statements that "the deputies" took certain actions in violation of plaintiff's constitutional rights.[3]

Upon review of the proposed amended complaint, the Court finds no inherent vagueness such that defendants Chaperon and Gilliam cannot file an answer. The proposed amended complaint alleges that they approached plaintiff's home on April 26, 2014, without cause and participated in repeatedly striking plaintiff in plaintiff's residence [Doc. 16-1 ¶¶ 10–11, 13]. It further alleges that they assisted one another in restraining plaintiff while another defendant assaulted plaintiff [*Id.* ¶¶ 14, 18]. In addition, the proposed amended complaint alleges that Gilliam and Chaperon worked in tandem to place plaintiff under arrest and forcibly removed him from his home [*Id.* ¶¶ 16–17, 22–23]. With respect to Gilliam, plaintiff alleges Gilliam was the affiant who was

---

[3] Defendants treat the first amended complaint as the operative pleading, but as noted, plaintiff did not have leave to file the first amended complaint [Doc. 16-1]. Even so, the Court considers the motion for a more definitive statement because the allegations with respect to these defendants are largely the same in both the operative complaint and the proposed amended complaint.

17

responsible for placing plaintiff under arrest [Doc. 16-1 Ex. 1]. Given these and other allegations—and that courts do not generally favor motions for more definite statements—the Court will deny the motion.

## IV. Conclusion

For the reasons set forth herein, the Court hereby **DENIES as moot** the Motion to Dismiss of Knox County and All Defendants in their Official Capacity [Doc. 13]; **DENIES as moot** the Motion to Dismiss of Defendant Knox County Sheriff's Office [Doc. 14]; **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Amend the Complaint [Doc. 16]; **DENIES IN PART AND GRANTS IN PART** Knox County's Motion to Dismiss Plaintiff's Amended Complaint; and **DENIES** the Motion of Defendants Chaperon and Gilliam in their Individual Capacity for More Definite Statement [Doc. 20].

Plaintiff shall have fourteen (14) days from entry of this order to file an amended complaint that is consistent with this opinion. All responsive pleadings shall be due within fourteen (14) days of the filing of the amended complaint.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE